# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **VENKY VENKATRAMAN,** *Plaintiff*, | § § § |
| **v.** | § § § |
| **SAKSHI VENKATRAMAN & SMRITHI VENKATRAMAN,** *Jointly and Severally Liable Defendants*. | § § § § § |

## COMPLAINT (DIVERSITY JURISDICTION)

### *I. PARTIES*

1. Plaintiff VENKY VENKATRAMAN is a natural person domiciled in Dallas, Texas, and a citizen of the State of Texas.
2. Defendant SAKSHI VENKATRAMAN is a natural person believed to reside and be domiciled in New York County, New York, and a citizen of the State of New York.
3. Defendant SMRITHI VENKATRAMAN is a natural person believed to reside in New Brunswick, New Jersey, and a citizen of the State of New Jersey.

### *II. JURISDICTION AND VENUE*

4. This Court has subject-matter jurisdiction under 28 U.S.C. § 1332(a)(1) because the action is between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.
5. Venue is proper in this District under 28 U.S.C. § 1391(b)(1) and (2) because Defendant Sakshi Venkatraman resides in this District and a substantial part of the events giving rise to the claims occurred here.
6. This Court has personal jurisdiction over Defendant Sakshi Venkatraman because she resides and works in New York City. The Court has personal jurisdiction over Defendant Smrithi Venkatraman under N.Y. C.P.L.R. § 302(a) because she engaged in acts directed into New York that caused injury within the state.

### *III. FACTUAL ALLEGATIONS*

7. Plaintiff and Defendants are related family members.
8. Beginning on or about 2023, Defendants allegedly made and disseminated false statements concerning Plaintiff to third parties, including online and through professional channels in New York City and New Jersey, accusing Plaintiff of misconduct and moral impropriety.

9. These statements were published with knowledge of their falsity or reckless disregard for truth, causing severe damage to Plaintiff's professional reputation and emotional well-being.
10. Plaintiff has suffered pecuniary loss, humiliation, and emotional distress exceeding $250,000.

## IV. CAUSES OF ACTION

COUNT I – DEFAMATION (LIBEL AND SLANDER)
11. Plaintiff re-alleges all preceding paragraphs.
12. Defendants published false statements of fact about Plaintiff to third parties without privilege or authorization.
13. The publications were made with actual malice or, at minimum, negligence.
14. Plaintiff suffered reputational and financial injury as a direct and proximate result.
COUNT II – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS (IIED)
15. Defendants' conduct was extreme and outrageous, intended to cause—and did cause—severe emotional distress to Plaintiff.

## V. DAMAGES AND RELIEF REQUESTED

Plaintiff seeks:
a. Compensatory damages of not less than $250,000;
b. Punitive damages as allowed by law;
c. Pre- and post-judgment interest;
d. Costs of suit and reasonable expenses; and
e. Such other and further relief as the Court deems just and proper.

## VI. JURY DEMAND

Plaintiff demands a trial by jury on all issues triable to a jury.

    Respectfully submitted,

    Venky Venkatraman, Pro Se (Admitted to practice in S.D.N.Y.)
    415 Gifford Drive
    Coppell, TX 75019
    Tel: (469) 766-2875
    Fax: (972) 535-4765
    Email: venky@att.net

    By: __/s/ Venky Venkatraman__
        Venky Venkatraman