UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| VENKY VENKATRAMAN,<br>Plaintiff,<br>-v.-<br>SAKSHI VENKATRAMAN and SMRITHI VENKATRAMAN,<br>Defendants. | 25 Civ. 8848 (KPF)<br>**ORDER** |

KATHERINE POLK FAILLA, District Judge:

The Court is in receipt of Plaintiff Venky Venkatraman's motion for reconsideration of its November 18, 2026 Opinion and Order dismissing Plaintiff's claims. (Dkt. #43-44).[1] The Court has carefully reviewed Plaintiff's submissions and is not persuaded that it overlooked controlling legal authority or factual data that would change its decision, or that reconsideration is needed to prevent manifest injustice. Accordingly, Plaintiff's motion is denied.

"The decision to grant or deny a motion for reconsideration is within the sound discretion of the district court." *In re Optimal U.S. Litig.*, 813 F. Supp. 2d 383, 387 n.6 (S.D.N.Y. 2011) (quoting *Patterson* v. *United States*, No. 04 Civ. 3140 (WHP), 2006 WL 2067036, at *1 (S.D.N.Y. July 26, 2006)). Under Local Rule 6.3, the moving party must "point to controlling decisions or data that the court overlooked — matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader* v. *CSX Transp. Inc.*, 70 F.3d 255, 257 (2d Cir. 1995) (internal citations omitted) (noting that the

---

1 For convenience, the Court refers to Plaintiff's Motion for Reconsideration as "Pl. Br." (Dkt. #44).

standard for granting motions for reconsideration is "strict"); *accord Van Buskirk* v. *United Grp. of Cos., Inc.*, 935 F.3d 49, 54 (2d Cir. 2019).

Compelling reasons for granting a motion for reconsideration are limited to "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Virgin Atl. Airways, Ltd.* v. *Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (internal quotation marks and citation omitted); *accord Kolel Beth Yechiel Mechil of Tartikov, Inc.* v. *YLL Irrevocable Tr.*, 729 F.3d 99, 108 (2d Cir. 2013). A motion for reconsideration is "not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple[.]'" *Analytical Survs., Inc.* v. *Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (quoting *Sequa Corp.* v. *GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998)).

The Court finds that Plaintiff's motion for reconsideration lacks merit. Plaintiff does not assert that any new evidence or change in controlling law exists, instead asking the Court for "limited reconsideration and correction" of three purported issues in the Opinion. Each of these arguments fails.

*First*, Plaintiff requests that the Court clarify that "(a) the dismissal is based solely on the Court's determination that subject-matter jurisdiction is absent and is without prejudice; (b) the Court's subsequent discussion of Rule 12(b)(6) issues does not constitute an adjudication on the merits and has no claim-preclusive effect; and (c) to the extent the Opinion presently purports to adjudicate the merits after finding jurisdiction absent, those portions should be

withdrawn or expressly characterized as nonbinding observations rather than alternative holdings." (Pl. Br. 3). In the same breath, "Plaintiff acknowledges that the Opinion expressly states that the dismissal is without prejudice because of the jurisdictional deficiency and that the Court 'would' reach the alternative Rule 12(b)(6) grounds only if subject-matter jurisdiction existed." (*Id.* at 2). As the latter statement concedes, the Opinion specifically held that Plaintiff's claims were dismissed pursuant to lack of subject matter jurisdiction and therefore without prejudice. (*See* Op. 20 n.8 (the Court "makes clear that its dismissal of the action is without prejudice because of the jurisdictional deficiencies"); *see also id.* at 12, 17, 29). Accordingly, any subsequent discussion of other grounds for dismissal explained that such grounds were only in the alternative. (*See, e.g.*, *id.* at 29 ("The Court notes that it would also grant dismissal pursuant to Rule 12(b)(2) as to Smrithi, and pursuant to Rule 12(b)(6) as to both Defendants, *were subject matter jurisdiction present.*" (emphasis added))). Further, as Plaintiff acknowledges, the Court expressly noted that it addressed these alternative grounds for dismissal only because "the possibility exists 'that the Second Circuit could arrive at a conclusion contrary to that espoused by this Court' in its jurisdictional analysis," as well as to "explain its decision not to grant leave to amend *sua sponte*" to the parties, all of whom proceeded *pro se*. (Op. 20 n.8 (citing *S.G.* v. *Success Acad. Charter Schs., Inc.*, No. 18 Civ. 2484 (KPF), 2019 WL 1284280, at *16 n.12 (S.D.N.Y. Mar. 20, 2019))). Because the Opinion specifically and repeatedly

addressed the dismissal's basis and its effect, the Court detects no error, let alone the clear error or manifest injustice that is required.

*Second*, Plaintiff asks the Court to "delete footnote 11 [(Op. 25 n.11 ("Of course, this assumption runs contrary to the discovery document that Plaintiff himself submitted, which appears to admit that Plaintiff 'slapped [Sakshi] as a child ONCE.' (Pl. Decl., Ex. A ¶ 10 (emphasis in original)).")] or revise it to reflect accurately that the discovery document records an allegation attributed to Sakshi, rather than an admission by Plaintiff." (Pl. Br. 4). That footnote concerns an exhibit ("Defendants' Response to Plaintiff's Second Request for Admissions") that is incorporated by reference in the pleadings. (*See* Op. 6). As Plaintiff acknowledges, the quoted statement was a "question[] drafted by Plaintiff and directed to Sakshi for admission or denial." (Pl. Br. 4). Plaintiff's question[2] asked Defendant Sakshi Venkatraman to admit or deny her beliefs about how "a child" should interact with their parent based on a factual predicate — "that parent had slapped her as a child ONCE even if that action did not result in any injury." (Op. 6 (emphasis in original) (citation omitted)). Put differently, Sakshi was asked to admit or deny whether it was appropriate for a "nearly 26 year old woman [… to] reject a parent forever," assuming the factual predicate, not to admit or deny the truth of the factual predicate itself. Because Plaintiff's question assumed that the factual predicate was true, the Court understood Plaintiff to be acknowledging the factual predicate. And

[2] Whether "it [wa]s [Sakshi's] belief as a nearly 26 year old woman, that a child should reject a parent forever if that parent had slapped her as a child ONCE even if that action did not result in any injury." (Op. 6 (emphasis in original) (citation omitted)).

given the ample evidence that the parent and child in question were Plaintiff and Sakshi, respectively (*see* Op. 6), the contested footnote is a fair interpretation of Plaintiff's pleading. Accordingly, Plaintiff's challenge must be rejected.

*Third*, Plaintiff takes issue with a quote from a Texas state court decision, of which decision the Court took notice, "concerning Plaintiff's proceedings before the Texas Board of Law Examiners [... and] observing that, at the time of the hearing addressed in that case, Plaintiff owed a child-support arrearage of $34,862.39, together with other amounts." (Pl. Br. 4). Plaintiff contends that "additional clarification is appropriate because the quoted information reflects a historical snapshot and does not describe the present status of either the referenced child-support amount or Plaintiff's Texas bar-admission proceedings." (*Id.*). Importantly, Plaintiff does not argue that the quoted language is incorrect, simply asserting that there have been subsequent events in the litigation that should be included in the Opinion to "ensure that the Opinion does not leave an inaccurate impression concerning matters collateral to the claims before this Court." (*See id.* at 4-6). Stated plainly, there can be no manifest injustice where the movant does not even contend that there was error. As such, this too is insufficient to support reconsideration. Accordingly, the Court DENIES Plaintiff's motion for reconsideration.

Separate and apart from Plaintiff's mistaken attacks on portions of the Court's Opinion, the Court notes its broader concern that Plaintiff's motion for reconsideration signals a desire to bring a substantially similar lawsuit in

another jurisdiction. Having already brought these claims in three different jurisdictions, the Court reminds Plaintiff of the many problems that the Court identified in its Opinion and of Plaintiff's obligation to annex a copy of the Opinion to his initial pleading, should he choose to pursue these claims in a fourth jurisdiction. (*See* Op. 29). To the extent that Plaintiff chooses to continue down this path by filing similar litigation in this District, Plaintiff should consider himself on notice that this Court will give serious thought to a filing ban and/or Rule 11 sanctions. (*See id.* at 28).

The Clerk of Court is directed to terminate the pending motion at docket entry 44.

SO ORDERED.

Dated: November 20, 2026
New York, New York

Katherine Polk Failla

KATHERINE POLK FAILLA
United States District Judge